## CONTRACT OF PURCHASE AND SALE EMBODIED IN CORRESPONDENCE.

[Circuit Court of Lucas County.]

THE TOLEDO PAPER BOX COMPANY v. THE AMERICAN ROLL WRAPPING PAPER CO.

Decided, January 25, 1904.

*Contract—In the Form of a Written Order for Goods—Accepted in Writing—Can Not be Modified by Parol Evidence—Of an Oral Agreement with Agent or Seller as to Time of Delivery.*

Where a written order for goods, stating the time when the goods shall be shipped, is accepted in writing, but with a modification as to the time of shipment, with respect to which modification the party giving the order makes no objection, and such written communications contain all the essential terms and elements of a contract of sale, and no mention is made therein of prior oral negotiations or agreement between the purchaser and the agent respecting the time of shipment, parol evidence is not competent to support a claim by the purchaser that a different time for the shipment of the goods was agreed upon orally between him and the agent of the seller, and that his subsequent order was given in pursuance of and was based upon such prior oral agreement.

PARKER, J; HAYNES, J., and HULL, J., concur.

The American Roll Wrapping Paper Company recovered a judgment in the court of common pleas against The Toledo Box Company, on account of some paper of a special sort which was ordered by the plaintiff in error from the defendant in error and received by it. By way of cross-petition, or counter-claim rather, the plaintiff in error claimed damages on account of delay in furnishing this paper; it claims that it was to have been furnished within a certain number of days after the order was given and that it was not then furnished; that it was not furnished until some months after, whereby it lost the use of it and so it became dead and useless material upon its hands and it was subjected to a financial loss.

It appears that the order given by plaintiff in error was in writing, sent by mail. It described the paper that it desired,

set forth the price that it expected to pay and set a time for the delivery of the paper. The order was accepted by a written communication, but with a qualification as to the time of delivery. The paper was not forthcoming at the time promised by this written acceptance—though that time was not made very definite— and the parties had a great deal of correspondence, the box company urging the paper company to forward the paper and the latter company promising from time to time that it would have the paper sent forward in a short time, in a few days, setting different dates and times; but it seems according to these letters and the evidence in the case, to have been delayed by the breaking down of machinery in the factory, and in other ways; and after a while the box company canceled the order and the paper company recognized the cancellation. Then the paper box company wrote forward again to the paper company saying that if it could ship a part of the paper by a certain date, it might re-book the order, and the order was then re-booked, and there were more delays and further correspondence on the subject, and finally the paper was received, but after the resulting loss and damage as claimed by the plaintiff in error. The paper box company claims that this paper was to have been delivered to it or shipped to it within six days time after the order was given. In support of this contention it offered to prove that in conversations and oral negotiations between an officer of the box company and the agent of the paper company, at the place of business of the former, in Toledo, some time before this written order was sent forward, the agent of the paper company had agreed that if the order should be placed with the paper company the goods would be furnished within six days. This offer to prove was rejected by the court, the court holding that the evidence as to the oral negotiations and oral agreement was inadmissible under the circumstances, because the order and the acceptance, taken together, amounted to a complete contract in writing; and because of the exclusion of this evidence the box company was not able to make the case that it undertook to make upon its counter-claim. The result was that the jury was directed to return a verdict in favor of the paper company; and it is on account of this ruling that the plaintiff in error prosecutes error in this court.

I shall not take time to read this correspondence. I have stated, in a general way the tenor and effect of it, and we simply announce our conclusions upon it as follows:

Where a written order for goods, stating a time when the goods shall be shipped, is accepted in writing, but with a modification as to the time of shipment, with respect to which modification the person giving the order makes no objection, and where such written communications contain all the essential terms and elements of a contract of sale, and no mention is made therein of prior oral negotiations or agreements between the purchaser and the agent of the seller respecting the time of shipment, parol evidence is not competent to support a claim by the purchaser that a different time for the shipment of the goods was agreed upon orally between him and such agent of the seller, and that his subsequent written order was given in pursuance of and was based upon such prior oral agreement. The adimssion of such evidence would be a violation of the well settled rules respecting the admission of oral evidence to modify the terms of a written contract subsequently executed and by its terms covering the whole subject-matter. We hold that the ruling of the court of common pleas upon this matter was correct, and the judgment of that court will be affirmed.

*Lewis W. Morgan,* for plaintiff in error.

*William H. A. Read,* for defendant in error.